# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY ALAN BRUMLEY, | No. CV 11-1904-VBF (PLA) |
| Petitioner, | |
| v. | **ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF EXHAUSTION** |
| BRENDA WASH, et al., | |
| Respondent. | |

On March 4, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). Petitioner appears to challenge his sentence and the calculation of his incarceration time in Los Angeles Superior County Court, Pomona, Case No. KA09120401, as well as the effectiveness of the representation that he received from his trial counsel with regard to sentencing. Petitioner asserts that he was sentenced in Case No. KA09120401 on October 7, 2010. (See Petition at 3, 6-7).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in a petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept. of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner states in the Petition that he did not directly appeal, or challenge in a state habeas petition, his 2010 conviction, sentence, or the calculation of his incarceration time in Los Angeles County Superior Court Case No. KA90120401, and that he did not file any other action in state court concerning the claims raised in the instant Petition. (See Petition at 4-6). Petitioner has also failed to show that the California courts are unable to address the claims raised in the Petition or that state procedures are ineffective to protect his rights, and there is no indication that the state has waived the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(3). As such, the Petition is subject to dismissal without prejudice, as petitioner has failed to exhaust his state remedies or otherwise meet the requirements of 28 U.S.C. § 2254(b)(1). See Lundy, 455 U.S. at 518-22.

/

In light of the foregoing, the Court finds that dismissal of the instant Petition is appropriate on the basis that petitioner has not exhausted available state judicial remedies. IT IS THEREFORE ORDERED that the instant Petition is **dismissed without prejudice**.

DATED: 5-26-11

/s/ Valerie Baker Fairbank
HONORABLE VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE